## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

FILLSHAPE S.r.L. and IMA S.p.A.,

    Plaintiffs,

       v.

INDAG GmbH & Co. Bertriebs KG
and WILD PARMA S.r.L.,

    Defendants.

_____

INDAG GmbH & Co. Bertriebs KG
and WILD PARMA S.r.L.,

    Plaintiffs,

    v.

IMA S.p.A. and FILLSHAPE S.r.L.,

    Defendants.

Civil No. 16-1216 (ADC)

## OPINION AND ORDER

Before the Court are: (i) IMA S.p.A. and FillShape S.r.l.'s ("IMA/FillShape") motion to dismiss the trade secret misappropriation claims pursuant to *forum non conveniens* ("MTD-FNC"), **ECF No. 53;** (ii) INDAG GmbH & Co. Betriebs KG and Wild Parma, S.r.L.'s ("INDAG/Wild Parma") opposition to the request for dismissal, **ECF No. 56**; (iii) IMA/FillShape's reply to INDAG/Wild Parma's opposition, **ECF No. 59**; (iv) Report and Recommendation ("R & R") by U.S. Magistrate Judge Bruce J. McGiverin ("Magistrate Judge"),

**ECF No. 96**; (v) INDAG/Wild Parma's objections to the R & R, **ECF No. 100**; (vi) IMA/FillShape's

response to INDAG/Wild Parma's objections to the R & R, **ECF No. 101;** (vii) INDAG/Wild

Parma's reply to IMA/FillShape's response to objections to the R & R, **ECF No. 105**; and (viii)

IMA/FillShape's sur-reply to INDAG/Wild Parma's reply, **ECF No. 109**. For the reasons

discussed below, the Court hereby **ADOPTS** the R & R, and **GRANTS** IMA/FillShape's MTD-

FNC, **ECF No. 53**.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The following factual and procedural background is adopted from the R & R, **ECF No. 96**

at 1-2, and drawn from the  record. The instant consolidated law suit was originated by

INDAG/Wild Parma, a German corporation and its Italian subsidiary, respectively. *Id*. at 1.

Specifically, on June 5, 2015, INDAG/Wild Parma filed a complaint before the U.S. District Court

for the Northern District of Illinois, Eastern Division, ("N.D.Ill.") Case No. 15 C 4973, against

IMA/FillShape, both Italian corporations with subsidiaries in the United States. *Id.* at **ECF Nos.**

**18** at 1; **96** at 2; Civ. No. 16-01354 (ADC) at **ECF No. 1**.

In the aforementioned complaint, INDAG/Wild Parma claimed that IMA/FillShape

infringed their patent and misappropriated trade secrets under federal and other laws, including

the Italian Industrial Property Rights Code, regarding INDAG's spouted pouch-making and

filling machinery. *Id*. Specifically, INDAG/Wild Parma allege that their former engineer, Mr.

Filippo Furlotti ("Furlotti"), who was hired in 2007 to develop said machinery, misappropriated

INDAG/Wild Parma's confidential and trade secret information during the course of his

employment. *Id.* at 5–10. Upon his resignation in 2013, Furlotti went to work for IMA/FillShape, with whom he allegedly developed, and is currently selling and promoting, competing spouted pouch-making and filling machinery made with INDAG/Wild Parma's trade secrets and patented technology that Furlotti had allegedly misappropriated. *Id.* Among the activities in violation of patent and trade-secret laws by IMA/FillShape, as alleged by INDAG/Wild Parma, are : (i) IMA/FillShape's attendance to a trade show in Chicago to promote their new machine; (ii) IMA/FillShape's efforts to sell their new machine to a Puerto Rico-based company on July 2014; and (iii) related visits to Puerto Rico by IMA/FillShape's representatives. **ECF No. 96** at 2.

IMA/FillShape filed a motion to dismiss under F. R. Civ. P. 12(b)(2) and 12(b)(6) for lack of personal jurisdiction and failure to state a claim, which the N.D.Ill. granted on December 2015. *Id.*; **ECF Nos. 1** at Exhibit E; **18** at 1-2. Furthermore, the N.D.Ill. granted INDAG/Wild Parma the opportunity to conduct limited jurisdictional discovery and a term to file an amended complaint. **ECF No. 18** at 1-2. On February 2, 2016, INDAG/ Wild Parma filed an amended complaint before that same Court. **ECF Nos. 1** at Exhibit F; **18** at 2; **96** at 2.

According to IMA/FillShape, INDAG/ Wild Parma's amended complaint "suffered from the same jurisdictional defects as the original complaint . . . [and] prompted IMA/FillShape to file a declaratory judgment action of non-infringement and no trade secret misappropriation under the Industrial and Trade Secret Protection Act of Puerto Rico" and other laws against INDAG/Wild Parma before this Court on February 5, 2016. **ECF No. 53-1** at 8; **ECF No. 1**. IMA/FillShape's declaratory-judgment action before this Court is a countersuit to INDAG/Wild

Parma's complaint. **ECF Nos. 1; 96** at 5. IMA/FillShape assert to have filed their declaratory-judgment claim here "in order to preserve IMA/FillShape's rights in a forum with proper U.S. jurisdiction." **ECF No. 53-1** at 8.

On February 9, 2016, the N.D.Ill. held a status conference regarding the amended complaint, during which IMA/FillShape argued the alleged jurisdictional deficiencies of INDAG/Wild Parma's amended complaint. **ECF No. 18** at 2. IMA/FillShape also notified the Illinois Court about the declaratory-judgment action that they filed before this Court on February 5, 2016, and of their intention to file a second motion to dismiss before the N.D.Ill. *Id*. The N.D.Ill "ordered the parties to confer regarding the jurisdictional posture of the case." *Id*.

On February 17, 2016, twelve days after IMA/FillShape filed their declaratory-judgment action before this Court, they filed a substantially similar claim in Italy. **ECF No. 96** at 2. The case in Italy has progressed, including the filing by INDAG/Wild Parma of a response, counterclaims, and evidentiary submissions. **ECF Nos. 96** at 2; **53-1** at 5.

On February 23, 2016, the parties filed before the N.D.Ill. a joint motion to transfer to this Court INDAG/Wild Parma's claim that was ongoing before the N.D.Ill. Civ. No. 16-1354 (ADC), **ECF No. 52;** *see also* **ECF No. 18.** In that motion, the parties averred that "[i]n light of [IMA/FillShape]'s representation to the Court on February 9[, 2016,] during the status conference to identify the District of Puerto Rico as the place where IMA and FillShape are subject to personal jurisdiction, the parties agree that the District of Puerto Rico is the most appropriate venue for the instant action." Civ. No. 16-1354 (ADC), **ECF No. 52** at 2. The parties filed their

joint motion to transfer pursuant to 28 U.S.C. § 1406(a), which provides that: "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Id*. The motion to transfer was also submitted under 28 U.S.C. § 1631, pursuant to which, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed . . . ." *Id*. The aforementioned transfer to this Court of INDAG/Wild Parma's complaint before the N.D.Ill. was executed on March 1, 2016. Civ. No. 16-1354 (ADC), **ECF No. 19**.

On April 13, 2016, the parties filed a joint motion to consolidate the two cases before this Court—that is, IMA/FillShape's declaratory-judgment action which had been filed originally before the instant Court, and INDAG/Wild Parma's patent-infringement and trade-secret misappropriation claims that the N.D.Ill. recently transferred here. **ECF No. 18**. In support of their motion to consolidate, the parties asserted that the two cases "involve the same patent and issues regarding trade secrets between the same parties, and seek to resolve the same questions: the alleged misappropriation of trade secrets by [IMA/FillShape], including related defenses." *Id*. at 3. On April 23, 2016, this Court granted the requested case consolidation. **ECF No. 19**.

On December 27, 2016, over ten months after IMA/FillShape filed their declaratory-judgment action before the Italian court, they filed a MTD-FNC before this Court. **ECF No. 53**.

In essence, IMA/FillShape ask that this Court dismiss the trade-secrets misappropriation claims by all parties in the consolidated case in favor of the substantially similar action that is ongoing in Italy. *Id*. IMA/FillShape aver that the requested dismissal is warranted under applicable *forum non conveniens* standards, given

> the location of IMA S.p.A., FillShape S.r.L. and Wild Parma S.r.L.'s operations, the residence and site of employment of the former employee alleged to have misappropriated trade secrets, and the location of the operative facts, witnesses, documents, and other physical evidence relevant to the trade secret claims. Indeed, last month Indag and Wild Parma filed an extensive response in that Italian action, asserting counterclaims of trade secret misappropriation and unfair competition against IMA/FillShape, and submitting 73 exhibits to the Italian court, including drawings, emails, expert reports, audio recordings, and other materials.

**ECF No. 53** at 1-2. IMA/FillShape's motion to dismiss is directed at the parties' trade-secret misappropriation claims only, for which the consolidated patent case remains here even if the motion to dismiss is granted. **ECF No. 53-1**.

INDAG/Wild Parma vehemently oppose IMA/FillShape's motion to dismiss for *forum non conveniens*. **ECF Nos. 56**. In essence, INDAG/Wild Parma assert that the trade-secret misappropriation claims should remain in Puerto Rico, inasmuch as IMA/FillShape are unable to establish under the case's facts and applicable legal standards that the dismissal sought is warranted. *Id*.

Pursuant to Local Civ. R. 72(b)(1) and this Court's Order, **ECF No. 83**, the Magistrate Judge issued an R & R in favor of granting the motion to dismiss. **ECF No. 96**. As listed above, the MTD-FNC, **ECF No. 53**, and the R & R, **ECF No. 96,** have been the subject of various motions

by the parties, all of which have been thoroughly considered by this Court. **ECF Nos. 56, 59, 100, 101, 105, 109**.

## II. STANDARD OF REVIEW FOR OBJECTIONS TO A REPORT AND RECOMMENDATION BY A MAGISTRATE JUDGE

A District Court may refer pending motions to a magistrate judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72. Any party adversely affected by the recommendation issued may file written objections within fourteen days of its receipt. 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp.2d 189, 191–92 (D.P.R. 2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673 (1980)). Failure to comply with this rule may preclude further review by the district court and the court of appeals. *See Santiago v. Canon U.S.A. Inc.*, 138 F.3d 1, 4 (1st Cir. 1998); *Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir. 1992).

Thus, a party objecting to a report and recommendation is "not entitled to a *de novo* review of an argument never raised" before the magistrate judge and such arguments are deemed to be waived. *Borden v. Sec. of Health and Human Serv.*, 836 F.2d 4, 6 (1st Cir. 1987). *See Entact Servs., LLC v. Rimco, Inc.*, 526 F. Supp.2d 213, 223 (D.P.R. 2007) ("[N]ew arguments, or new known evidence, are to be excluded as reconsideration arguments originally available to movant at the time of the submission to the Magistrate Judge.").

The waiver also applies to preclude *de novo* review by the Court of arguments a party introduced but failed to properly develop before a magistrate judge. "[A] litigant has an obligation to spell out its argument squarely and distinctly, or else forever hold its peace." *Rivera-Gómez v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988) (quotation omitted). That is, "[i]f claims are merely insinuated rather than actually articulated in the trial court, we will ordinarily refuse to deem them preserved for appellate review." *Curet-Velázquez v. ACEMLA de Puerto Rico, Inc.*, 656 F.3d 47, 54 (1st Cir. 2011) (finding argument waived where appellants mentioned in passing before the magistrate judge facts that might have been used to support the argument they later sought to develop on appeal). Thus, "the law is settled that a litigant must put its best foot forward before a magistrate judge, and cannot introduce new arguments for the first time on the district court's review of the magistrate judge's ruling or recommendation." *Robb Evans & Assocs., LLC v. United States*, 850 F.3d 24, 35 (1st Cir. 2017). *See Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990 (1st Cir. 1988) (unsuccessful party not entitled to *de novo* review by district court judge of argument never seasonably raised before magistrate judge); *see also McCoy v. M.I.T.*, 950 F.2d 13, 22 (1st Cir. 1991).

In conducting its review, the Court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a)(b)(1); *see Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir. 1985); *Alamo Rodríguez v. Pfizer Pharm., Inc.*, 286 F. Supp.2d 144, 146 (D.P.R. 2003).

### III. DISCUSSION

The Court hereby adopts and incorporates by reference the Magistrate Judge's summary of legal standards and analysis of the MTD-FNC, as contained in the R & R. **ECF No. 96** at 2-15. Those standards and analysis are highlighted below as deemed pertinent by the Court in its discussion of the specific objections to the R & R raised by INDAG/Wild Parma. [1]

**A.    Movant's burden of proof under *forum non conveniens***

INDAG/Wild Parma aver that "the Magistrate Judge committed legal error when he concluded that IMA's status as a plaintiff entitled it to a lower burden than the ordinary *forum non conveniens* movant." **ECF No. 100** at 8. They further assert that IMA/FillShape should have been held to a higher-than-usual burden for being both the movant of a motion to dismiss for *forum non conveniens* as well as the plaintiffs that chose this Court as the venue in which to file their original declaratory-judgment action.[2] In support of their contention, INDAG/Wild Parma point to the holding by the Magistrate Judge quoted below, particularly the part in bold, which they deem to indicate an erroneous burden of proof:

> The novel posture of this motion bedevils the assignment of the burden of proof, which typically falls on the defendant and favors the plaintiff's choice of forum. *See Adelson* [*v. Hanalel*, 510 F.3d 43, 52 (1st Cir. 2007)]. Here, **the typically complimenting principles of deferring to the plaintiff and requiring the moving party to shoulder the burden of proof cancel each other out** since IMA occupies both roles [plaintiff and moving party of motion to dismiss under *forum non conveniens*]. The burden of proof

---

[1] INDAG/Wild Parma's objections to the R & R are discussed herein in the same order as presented in their motion. **ECF No. 100**.

[2] As mentioned above, IMA/FillShape filed a substantially similar action before an Italian court on February 17, 2016, twelve days after filing their action before this Court.

> is further complicated by the fact that IMA is both a plaintiff and a defendant, as it
> seeks to dismiss both its own claim as well as Indag's claim.

**ECF No. 96** at 4 (emphasis added). Additionally, INDAG/Wild Parma cited case law from the Southern District of New York holding that a heavier-than-usual burden applies to a movant who is also a plaintiff in the analogous context of a motion for venue transfer under 28 U.S.C. § 1404 (a).[3] *Id.* However, the First Circuit has not adopted a heavier-than-usual standard for venue-transfer motions by plaintiffs. *See* 17 James Wm. Moore et al., *Moore's Federal Practice*, § 111.16(1) (3d. ed. , 2017). Furthermore, at least one District Court in the First Circuit has held that requiring the same heavy-burden standard of proof, not a heavier-than-usual standard, should be applied to all movants in the analogous venue-transfer cases under 28 U.S.C. § 1404(a), irrespective of whether they are plaintiffs or defendants. *See, e.g., Schoendorf v. RTH Mech. Contractors, Inc.*, No. 11-cv-566-JL, 2012 WL 1986508 at *3 (D.N.H., May 31, 2012) (not reported in F. Supp.2d); *Butler v. Thompson/Ctr. Arms Co.*, No. 01-106-JD, 2001 WL 1570949 at *2 (D.N.H., Oct. 31, 2001) (not reported in F. Supp.2d) ("[A] motion to transfer filed by the plaintiff is subject to the same burden as a motion to transfer filed by a defendant.") (citing *Coady v. Ashcroft & Gerel*, 223 F.3d. 1, 11 (1st Cir. 2000)).

Moreover, INDAG/Wild Parma misconstrue the Magistrate Judge's finding as to the reduced level of deference owed to the parties' forum choices to mean that the Magistrate Judge applied a less-than-heavy burden of proof to IMA/FillShape as the *forum non conveniens* movant.

---

[3] 28 U.S.C. § 1404(a) provides for the venue transfer of a case for the convenience of the parties from a U.S. District Court in which it is filed to another one in which the case could have been originally filed as well.

**ECF No. 100** at 7-8. The degree of deference that should be bestowed upon a plaintiff's choice of forum is an integral part of a court's analysis of a motion to dismiss for *forum non conveniens*. *See Piper Aircraft v. Reyno*, 454 U.S. 235, 255–56 (1981). "Indeed, doing so is inescapable. Without knowing the level of deference to accord the plaintiff's choice of forum, it is not clear how one would assess" the balancing of the aforementioned private- and public-interest factors under *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507–09 (1947), that is essential to a *forum non conveniens* analysis. 14D Charles Alan Wright et al., *Federal Practice and Procedure* § 3828,  (4th ed. 2013). Thus, the Magistrate Court in the instant case rightly engaged in that analysis.

As to the level of deference owed to the choices of forum in this case, the Magistrate Judge first identified correctly the pertinent factual and procedural considerations. **ECF No. 96** at 1-6. Not only are IMA/FillShape and INDAG/Wild Parma mutually plaintiffs and defendants in the consolidated case before this Court, they also mutually agree that Puerto Rico is not their overall preferred choice of forum. IMA/FillShape assert that even though they filed their original declaratory-judgment action before this Court, INDAG/Wild Parma's choice of forum of the United States then dictated that IMA/FillShape file their own complaint in P.R., while IMA/FillShape's preferred forum is Italy. *Id*. at 5. Conversely, INDAG/Wild Parma allege that their preferred choice of forum is the N.D.Ill., but they "followed FillShape and IMA to Puerto Rico at their behest, and, having done so, would face extreme inconvenience and inefficiency if this action were to be dismissed" in favor of the related case in Italy. **ECF No. 56** at 9. As such,

Puerto Rico is INDAG/Wild Parma's preferred forum only vis-à-vis IMA/FillShape's MTD-FNC, which is, of course, the issue at hand. *Id*; *see also* **ECF No. 96** at 6.

Applying relevant case law to this complex procedural scenario, the Magistrate Judge determined as follows: (i) Italy as IMA/Fillshape's preferred forum does not warrant deference, given that Italy is not their original choice of forum, but rather a subsequent one; and (ii) as plaintiff, INDAG/Wild Parma's choice of Puerto Rico as forum does merit some deference, but significantly less than what would be afforded to a domestic plaintiff's choice. **ECF No. 96** at 4-6. The Magistrate Judge then applied the heavy-burden-of-proof standard in his evaluation of the private- and public-interest factors under *Gulf Oil Corp.*, 330 U.S. at 507–09, regarding *forum non conveniens*, and concluded that IMA/FillShape had met that burden (see discussion below).

In sum, the Magistrate Judge applied the correct legal standards required of IMA/FillShape as movants to the MTD-FNC at hand. **ECF No. 96**. S*ee also Standard Química de Venezuela v. Banco Central Hispano Int'l,* Inc., 989 F. Supp. 74, 79 (D.P.R. 1997); *Banco Mercantil, S.A. v. Hernández Arencibia*, 927 F. Supp. 565, 566 (D.P.R. 1996). In both cases, sister Courts applied a lower degree of deference to a foreign plaintiff's choice of forum as well as a heavy burden of proof to the movant of the *forum non conveniens* motion.

B.      **Alleged Stipulation as to the Most Appropriate Forum to Litigate this Case**

The Magistrate Judge concluded in his R & R that although IMA/FillShape chose to file their countersuit declaratory-judgment action before this Court, "IMA[/Fillshape] persuasively argue[] that this evidences a preference for Puerto Rico over Illinois, not Puerto Rico over Italy.

Accordingly, the court recognizes that although IMA[/FillShape], as the plaintiff[s], chose Puerto Rico as [their] original venue, [their] choice did not reflect a preference for Puerto Rico over Italy as a venue for [their] suit." **ECF No. 96** at 5. In objecting to the Magistrate Judge's conclusion in that respect, INDAG/Wild Parma point to the parties' statement in the joint motion to transfer venue filed before the N.D.Ill., whereby "the parties agree that the District of Puerto Rico is the most appropriate venue for the instant action." **ECF No. 100** at 9; *see also* Civ. No. 1354 (ADC), **ECF No. 52** at 2.

In light of the aforementioned motion to transfer, INDAG/Wild Parma argue that IMA/FillShape misled the Magistrate Judge in averring that: (i) IMA/FillShape did not make any concession as to the convenience of this Court in comparison with Italy; and (ii) no contractual choice of forum clause exists in this case. *Id.* According to INDAG/Wild Parma, the joint motion to transfer constitutes a contractual choice-of-forum agreement under which IMA/FillShape is now impeded by the doctrines of equitable and judicial estoppel from seeking dismissal of the trade-secrets misappropriation claims before this Court under *forum non conveniens*. *Id.* at 9-18.

However, INDAG/Wild Parma failed to mention or argue in the opposition motion to the MTD-FNC their contention that the joint motion to transfer venue in question constitutes a binding forum-selection agreement. **ECF No. 56**. In fact, the only reference to the venue transfer of INDAG/Wild Parma's case from the N.D.Ill. to this Court in their opposition motion is found in the following statement:

> By haling Indag and Wild Parma to court in Puerto Rico to litigate the issues of
> patent infringement and misappropriation of trade secrets, FillShape and IMA
> admitted that they found this District convenient to resolve those issues.
> Accordingly, FillShape and IMA cannot now claim, based on no changed
> circumstances or new evidence, that Puerto Rico is suddenly an inconvenient
> forum to continue litigating the very issues that they sought to bring to this Court
> in the first place.

**ECF No. 56** at 12. Furthermore, INDAG/Wild Parma cite cases in which motions to dismiss under *forum non conveniens* were denied in light of contractually enforceable choice-of-forum clauses.

**ECF No. 56** at 12-14. Nonetheless, they did not mention the joint motion for venue transfer, the alleged agreement it contained, or that it constituted an enforceable forum-selection clause under which IMA/FillShape's MTD-FNC should be analyzed and adjudicated. *Id*.

Moreover, INDAG/Wild Parma's opposition motion to the MTD-FNC does not contain any mention of the estoppel doctrines. **ECF No. 56**. They argue that even though they did not mention the estoppel doctrines in the opposition motion before the Magistrate Judge, the underlying concepts and rationale are contained in the same. **ECF No. 105** at 8-10.

As indicated in the summary of legal standards above, arguments that were introduced but not properly developed before a Magistrate Judge are deemed waived and, as such, are not entitled to *de novo* review by the Court. *See Curet-Velázquez*, 656 F.3d at 54; *Robb Evans & Assocs., LLC.*, 850 F.3d at 35; *Paterson–Leitch Co.*, 840 F.2d at 990; *McCoy*, 950 F.3d at 13. Thus, the Court hereby holds that INDAG/Wild Parma waived their arguments regarding choice-of-forum clause and estoppel in relation to the joint motion to transfer in this case. The facts on which

INDAG/Wild Parma bases their choice-of-forum and estoppel arguments were well known to them at the time they filed the opposition motion. As such, they were able to, and should have, argued the facts and the legal doctrines before the Magistrate Judge if they wished for him to consider them, and for the arguments to be preserved for judicial/appellate review. In that respect, the Court is not persuaded by INDAG/Wild Parma's argument that, since IMA/FillShape did not assert the lack of a choice-of-forum agreement in this case until their reply to INDAG/Wild Parma's opposition to the MTD-FNC, INDAG/Wild Parma did not have the opportunity to raise the arguments in question before the Magistrate Judge because the Local Rules do not provide for sur-replies. **ECF No. 100** at 5, n. 1. *See Walsh v. TelTech Sys., Inc.*, 821 F.3d 155, 159 n. 2 (1st Cir. 2016) (the court did not abuse discretion by denying leave to file sur-reply where plaintiff failed to provide a reason to not include in the opposition motion the arguments sought to be raised in the sur-reply).

Given that INDAG/Wild Parma waived the arguments discussed above by failing to properly raise them before the Magistrate Judge, the Court proceeds to review for plain error. Fed. R. Civ. P. 72(b)(3); *see Int'l Shipping Agency, Inc. v. Unión de Empleados de Muelles de Puerto Rico*, 547 F. Supp.2d 116, 118–19 (D.P.R. 2008) (plain-error standard of review applies if no proper objections are made to a magistrate's report and recommendation). Under that standard, the Court is to review the unopposed findings in the R & R to determine whether the Magistrate's recommendation was clearly erroneous. *Nogueras–Cartagena v. United States*, 172 F. Supp.2d 296, 305 (D.P.R., 2001) (adopting the Advisory Committee note regarding Fed. R. Civ. P. 72(b)). The

case's record reveals that ever since its inception before the N.D.Ill., where INDAG/Wild Parma initiated the instant law suit, IMA/FillShape challenged the subject-matter jurisdiction of that Court. **ECF No. 18**; Civ. No. 16-1354 (ADC) at **ECF No. 52**. In fact, IMA/FillShape sought and obtained the dismissal of INDAG/Wild Parma's original complaint there, and raised the lack of subject matter jurisdiction again in relation to the amended complaint before that Court. *Id*. IMA/FillShape then filed their countersuit declaratory-judgment action before the instant Court, allegedly to "preserve IMA/FillShape's rights in a forum with proper U.S. jurisdiction." **ECF No. 53-1** at 8. Subsequently, the parties filed a joint motion to transfer INDAG/Wild Parma's case from the N.D.Ill. to this Court not under 28 U.S.C § 1404(a) for the convenience of the parties, but under 28 U.S.C. §§ 1406(a) and/or 1631 to cure jurisdictional defects.

In light of the above, the Court concludes that the record does not point to any factual or procedural consideration as to which the Magistrate Judge was misled, including the parties' joint motion under 28 U.S.C. §§ 1406(a) and/or 1631 to transfer the case from N.D.Ill. to this Court. Accordingly, the Magistrate Judge did not err in finding that although IMA/FillShape chose Puerto Rico as their original venue for their declaratory-judgment action, IMA/FillShape's choice reflects their preference of Puerto Rico as federal venue over N.D.Ill. to try the trade-secrets misappropriation claim, not their preference of Italy over Puerto Rico under *forum non conveniens*.

### C. Case Law Cited by the Magistrate Judge and Additional Case Law brought forth by INDAG/Wild Parma

INDAG/Wild Parma aver that, "in the absence of cited authority," the Magistrate Judge "[r]aised and [r]elied upon, [s]ua [s]ponte, [i]napposite and [n]on-[c]ontrolling [l]aw" of cases where the movant of a *forum non conveniens* motion is also the plaintiff. **ECF No. 100** at 18. First, INDAG/Wild Parma contend that the Magistrate Judge relied incorrectly on *Salton, Inc., v. Philips Domestic Appliances & Pers. Care B.V.*, 391 F.3d 871, 881–82 (7th Cir. 2004), where the Seventh Circuit stated in dicta that a plaintiff may request to dismiss a case under *forum non conveniens*. *Id*. However, the Magistrate Judge clearly recognized that the Seventh Circuit in *Salton* had "hypothesized" about that point. **ECF No. 96** at 4. Moreover, in concluding that both plaintiffs and defendants may pursue a motion to dismiss for *forum non conveniens*, the Magistrate Judge relied on and cited case law which hold that plaintiffs may be movants in the context of motions to transfer venue under 28 U.S.C. § 1404(a). Thus, the Magistrate Judge held correctly that such venue transfers may be promoted by both plaintiffs and defendants. *See Ferens v. John Deere Co.*, 494 U.S. 516, 524 (1990). Moreover, as held by the U.S. Supreme Court in *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. ___ (2013) (Slip Op.), 134 S. Ct. 568, 574 (2013), 28 U.S.C. § 1404 (a) "is a codification of that doctrine [*forum non conveniens*] for the subset of cases in which the transferee forum is another federal court." (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U. S. 422 (2007)). Accordingly, the Magistrate Judge did not err

in holding by analogy that both plaintiffs and defendants may move for dismissal under *forum non conveniens,* as well.

Secondly, INDAG/Wild Parma highlight cases that they deem to be on point and indicative that *forum non conveniens* dismissal is not warranted in the instant case. **ECF No**. **100** at 19-22. However, those cases are distinguishable from the instant one. In *Insurance Company of North America v. Ozean/Stinnes-Linien and the M/V Wurttemberg*, 367 F.2d 224 (5th Cir. 1966), the defendant sought and obtained a venue transfer from a federal court in Louisiana to one in Georgia for the convenience of parties under 28.U.S.C. 1404(a). Subsequently, the defendant moved for dismissal in Georgia under *forum non conveniens*, asserting that that the case should be litigated in Germany. The Fifth Circuit held that under those facts, *forum non conveniens* dismissal was not warranted because it was inconsistent with the defendant/movant's earlier motion under 28 U.S.C. 1404(a), wherein it had obtained federal-court venue transfer for the convenience of parties. *Id*. In contrast, and as discussed above, the venue transfer jointly sought and obtained by the parties in the instant case was under 28 U.S.C. §§ 1406(a) and/or 1631 to cure jurisdictional defects, not under 28.U.S.C. 1404(a) for the convenience of parties. Furthermore, the movant/defendant in *Insurance Company of North America*, maintained business operations in Georgia since 1956, for which that forum's local interest in the case was greater than in the instant case, where the parties are foreign entities with principal places of business in Italy and Germany.

The other case discussed by INDAG/Wild Parma is *Nalco Co. v. Chen*, No. 12 C 9931, 2013 WL 4501425 (N.D. Ill. Aug. 22, 2013). **ECF No**. **100** at 20-21. In that case, the plaintiff/*forum non conveniens* movant filed a complaint against the defendant before the N.D.Ill. The defendant then filed counterclaims against the plaintiff before that Court, and the plaintiff filed for dismissal of those counterclaims under *forum non conveniens* in favor of proceedings in China. The N.D.Ill. denied the motion, relying on the fact that defendant's counterclaims stemmed from plaintiff's original claims filed before that Court to hold that the balance of private- and public-interest factors under *Gulf Oil Corp.,* 330 U.S. at 507–09, weighed against dismissal. *Nalco Co.,* 2013 WL 4501425, is distinguishable from the instant case in two important respects. First, as discussed above, the instant case is a consolidation of INDAG/Wild Parma's complaint of trade-secret misappropriation and patent infringement claims before the N.D.Ill., which initiated this law suit, and IMA/FillShape's subsequent counterclaim declaratory-judgment action before this Court. As such, the factual scenario in this case is the inverse of that in *Nalco Co.*, where the plaintiff and movant of the motion to dismiss under *forum non conveniens* was the original plaintiff who started the law suit, whereas the defendant was the counterclaimant. Second, unlike in *Nalco*, the private- and public-interest factors under *Gulf Oil Corp.*, 330 U.S. at 507–09, weigh in favor of dismissal in this case, as discussed below.

Finally, INDAG/Wild Parma mention *Soghanalian v. Soghanalian*, 693 F. Supp. 1091, 1095 (S.D. Fla. 1988), wherein the plaintiff/*forum non conveniens* movant's motion to dismiss was denied "when the [p]laintiff alone had complete control to choose the best forum for the

litigation." **ECF No**. **100** at 21-22. *Soghanalian* is distinguishable from this case in that as defendant of the complaint filed by INDAG/Wild Parma before the N.D.Ill. that started this law suit, the Court does not deem IMA/FillShape to have been in complete control to choose what they considered to be the best forum for this litigation. In other words, IMA/FillShape opted to file their declaratory-judgment action before this Court as a counter suit to INDAG/Wild Parma's complaint before the N.D.Ill. However, it was INDAG/Wild Parma who chose the U.S. federal judicial forum as the place to initiate litigation involving foreign parties and facts rooted in Italy, as properly considered by the Magistrate Judge.

In short, the Court hereby finds that none of the cases highlighted by INDAG/Wild Parma discussed above point to any error in the Magistrate Judge's factual or legal analysis.

### D.    Changed Circumstances Factor

In support of their MTD-FNC, IMA/FillShape highlight the fact that twelve days after having filed their declaratory-judgment action before this Court, they filed a substantially similar claim in Italy against INDAG/Wild Parma. **ECF Nos. 53** at 5-6, 9-10; **59** at 5-7. IMA/FillShape further aver that their Italian case entails a changed circumstance that warrants dismissal of their case before this Court, especially since the Italian case has progressed. The Magistrate Judge considered the question of changed circumstances in his analysis of the MTD-FNC, and concluded that other than the progression of the Italian case, all of the changes indicated by IMA/FillShape were known to them at the time they chose the District of Puerto Rico as the forum in which to file their declaratory-judgment action. **ECF No. 96** at 12-13.  Thus,

the Magistrate Judge concluded that there are no changed circumstances that weigh in favor of IMA/FillShape's MTD-FNC since, under First Circuit case law, "[t]he existence of concurrent litigation is not a relevant factor to the [*forum non conveniens*] analysis." *See Adelson*, 510 F.3d at 54; **ECF No. 96** at 13. Furthermore, the Magistrate Judge deemed that the lack of changed circumstances was not a dispositive factor that warranted the denial of IMA/FillShape's MTD-FNC, but rather one of the factors to be considered in the pertinent analysis. *Id*. at 13-15.

    INDAG/Wild Parma contend that the Magistrate Judge "[m]isapplied the [l]aw on [c]hanged [c]ircumstances" by not considering it to be a dispositive factor that entailed the denial of the IMA/FillShape's MTD-FNC. **ECF No. 100** at 22-24.  There is divergence of opinions among Circuit Courts as to whether changed circumstances is a dispositive requirement for plaintiffs who move for venue transfers in the analogous context of motions for federal-court venue transfers under 28 U.S.C. § 1404(a). *See* 17 James Wm. Moore et al., *Moore's Federal Practice*, § 111.16(1) (3d. ed. 2017). This question of law is closely related to the burden of proof that should apply to plaintiffs who are also movants of § 1404(a) venue transfer movants and, by analogy, to plaintiff/movants of motions to dismiss for *forum non conveniens* (see discussion above).

    The First Circuit is not among those that require changed circumstances as a dispositive consideration for plaintiffs who are also movants of venue-transfer motions under 28 U.S.C. § 1404(a). *See id.* Moreover, at least one District Court in the First Circuit has held that a plaintiff who is also a movant of a venue-transfer motion under 28 U.S.C 1404(a) is not required to show changed circumstances, although it is a factor among those to be considered. *See Schoendorf*, 2012

WL 1986508, at *3; *see also Butler,* 2001 WL 1570949, at *2. Additionally, the Second, Fifth, and Eleventh Circuits and various District Courts in those Circuits do not require a showing of changed circumstances from a plaintiff seeking a venue transfer under 28 U.S.C. § 1404(a). *See* 17 James Wm. Moore et al., *Moore's Federal Practice,* § 111.16(1); *see also Cordis Corp. v. Siemens-Pacesetter, Inc.,* 682 F. Supp. 1200, 1203 (S.D. Fla. 1987); *Lake City Stevedores, Inc., v. S.S. Lumber Queen,* 343 F. Supp. 933, 935 (S.D. Texas 1972).

Thus, the Court hereby holds that the Magistrate Judge did not misapply the law on changed circumstances in this case. By giving it careful consideration as a non-dispositive factor in its overall analysis, he bestowed it with its due weight among the other factors pertinent to the adjudication of IMA/FillShape's MTD-FNC at hand.

### E.    Magistrate Judge's Weighing of Private Interest Factors

The Magistrate Judge based his R & R, to a considerable extent, on his analysis of the non-exclusive private- and public-interest factors established by the Supreme Court in *Gulf Oil Corp.,* 330 U.S. at 507–09, in relation to motions to dismiss under *forum non conveniens.* **ECF No. 96** at 6-15. As stated by the Supreme Court, the non-exclusive private-interest factors include:

> the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

*Gulf Oil Corp. v. Gilbert*, 330 U.S. at 508. Furthermore, "the plaintiff may not, by choice of an inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy." *Id*.

INDAG/Wild Parma assert that the Magistrate Judge "[e]rroneously concluded that the private interest factors weigh in favor of dismissal," pointing at three specific issues discussed individually below. **ECF No. 100** at 24.

**1-    Choice-of-forum clause and the private-interest factors**

Citing *Atlantic Marine*, 134 S. Ct. at 582, INDAG/Wild Parma contend that "because the parties made a binding forum-selection agreement in favor of Puerto Rico" in the joint motion to transfer discussed above, "the private factors must weigh entirely in favor of that forum." **ECF No. 100** at 24 (quotation marks and emphasis omitted). However, as discussed above, INDAG/Wild Parma waived their arguments as to the alleged binding choice-of-forum clause in their favor by failing to raise the same before the Magistrate Judge. Accordingly, they also waived the argument at hand, regarding the alleged choice-of-forum agreement in relation to the private-interest factors. Reviewing for plain error, the Court holds that the Magistrate Judge considered the appropriate private-interest factors and weighed them correctly.

**2-    Access to Sources of Proof and Adequacy of Forum Considerations Regarding Italy**

According to INDAG/Wild Parma, the Magistrate Judge erred in concluding that the private-interest considerations pertaining to access to sources of proof weigh in favor of Italy

over Puerto Rico, thus favoring IMA/FillShape's MTD-FNC. **ECF No. 100** at 25-27. In support of

their contention, INDAG/Wild Parma present a statement by an Italian law professor averring,

in essence, that "the Italian legal system does not have the measure of discovery as we

understand it in the U.S." *Id*. at 25 (internal quotation marks omitted). As such, INDAG/Wild

Parma deem that the Magistrate Judge should have weighed the access to sources of proof factor

in their favor. However, INDAG/Wild Parma waived that argument for failing to raise it before

the Magistrate Judge, even though they could have raised it then. *See Curet-Velázquez*, 656 F.3d

at 54; *Robb Evans & Assocs., LLC.*, 850 F.3d at 35; *Paterson–Leitch Co.*, 840 F.2d at 990; *McCoy*, 950

F.3d at 13. Furthermore, insofar as that argument may also be considered a challenge to the

adequacy of the Italian forum, INDAG/Wild Parma waived it too for the same reason.

Consequently, INDAG/Wild Parma are precluded from *de novo* review as to those arguments

regarding Italy as a forum.

     Reviewing for plain error, the Court holds that the Magistrate Judge correctly examined

the pertinent considerations regarding the Italian forum. Specifically, the Magistrate Judge

succinctly held as follows:

> The court must next determine whether an available and adequate alternative
> forum exists. Here, Italy, the proposed forum, is both available and adequate. It is
> available because both sides include parties that are Italian corporations with their
> principal places of business in Italy. It is clearly adequate as both sides are currently
> litigating a substantially similar case there, and, as IMA[FillShape] explain[],
> numerous other courts have found that Italy provides an adequate forum for bringing
> . . . trade secret misappropriation claims. Furthermore, [INDAG/Wild Parma] do[] not
> dispute that Italy is an available and adequate forum for the purposes of a *forum non
> conveniens* inquiry. Docket No. 56. Thus, the analysis turns to balancing the public and
> private factors.

**ECF No. 96** at 6.

    **3- Discovery Costs**

    INDAG/Wild Parma assert that, at this stage of the case, the litigation cost factor weighs in their favor, contrary to the Magistrate Judge's holding that the private interests pertinent to costs and inconvenience weigh somewhat in favor of IMA/FillShape. **ECF No. 100** at 27-28. In support of their argument, INDAG/Wild Parma allege that they have incurred in substantial expenses on discovery-related tasks after IMA/FillShape filed their MTD-FNC. Nonetheless, the Magistrate Judge correctly assessed the cost-and-convenience factors, including the issue of the timeliness of the MTD-FNC, in relation to that motion's date of filing. **ECF No. 96** at 13-14. The motion's filing date is the appropriate moment in the case's proceedings for the Magistrate Judge to evaluate the cost and convenience factors in the *forum non-conveniens* analysis. *See* 14D Charles Alan Wright, et al., Fed. Prac. & Proc. § 3828 (4th ed., 2013); *see also Yavuz v. 61 MM, Ltd.*, 576 F.3d 1166, 1173–74 (10th Cir. 2009); *Aldana v. Del Monte Fresh Produce N.A., Inc.*, 578 F.3d 1283, 1297 (11th Cir. 2009); *Empresas Líneas Marítimas Argentinas, S.A. v. Schichau-Unterweser, A.G.*, 955 F.2d 368, 373 (5th Cir. 1992). At that time, the case before the instant Court was in its early stages, and discovery had not yet begun.

    Thus, the Magistrate Judge rightly concluded that "IMA[/FillShape] knew about the circumstances underlying [their] motion to dismiss for the full ten months between the filing of [their] complaint and the filing of [their] motion. However, discovery had not yet begun when IMA[/FillShape] filed [their] motion. IMA[/FillShape]'s delay has not caused significant

prejudice to the plaintiff or to the [C]ourt. Therefore, the delay is not dispositive." **ECF No. 96** at 14 (citations omitted).

Moreover, INDAG/Wild Parma's assertion about the waste of time and money that would result from granting the MTD-FNC due to the discovery-related costs incurred by it since the filing of that motion is not persuasive given the case's record. Specifically, at the status conference before the Magistrate Judge on March 23, 2017, INDAG/Wild Parma objected to IMA/FillShape's request for stay of discovery until the adjudication of the motion to dismiss for *forum non conveniens* at hand. **ECF No. 63**. And, since the Italian case is substantially similar to the ongoing trade-secret misappropriation action in this Court, INDAG/Wild Parma's argument as to the waste of their resources spent on discovery if dismissal were granted seems to contradict their contention that litigating in Italy would be prejudicial because of the severe limitations to discovery in that judicial system. **ECF No**. **100** at 25-27. If anything, the discovery conducted here should benefit their case in Italy, or at least not result in a complete waste as averred by INDAG/Wild Parma.

### F.    Magistrate Judge's Weighing Of Public-Interest Factors

The non-exclusive public-interest factors established by the Supreme Court in *Gulf Oil Corp.*, 330 U.S. at 508–09, comprise the following: "administrative difficulties of docket congestion; general goal of having localized controversies decided at home; the ease of access to the proceeding on the part of interested parties; the trier's relative familiarity with the appropriate rules of decision; and the burdens of jury duty." INDAG/Wild Parma contend that

the Magistrate Judge "[e]rroneously [c]oncluded [t]hat the [p]ublic [i]nterest [f]actors [w]eigh

[s]trongly in [f]avor of [d]ismissal," and they address two specific issues discussed below. **ECF**

**No. 100** at 28.

### 1- Applicability of Italian law and its Weigh as a Public-Interest Factor

In their objections to the R & R, INDAG/Wild Parma contend that "it was improper for

the Magistrate Judge to rely on the possible application of Italian law as a public factor weighing

in favor of *forum non conveniens* dismissal." *Id.* INDAG/Wild Parma had raised a similar

argument before the Magistrate Judge in the alternative to their main assertion that Puerto Rico

law, not Italian law, applies to the trade secrets misappropriation claim. **ECF No. 56** at 19-20.

Specifically, INDAG/Wild Parma argued that "even assuming Italian law governs the

misappropriation of trade secrets claims, this factor is not dispositive and does not strongly favor

dismissal." **ECF No. 56** at 20.

The Court holds that the Magistrate Judge properly considered among the pertinent

public-interest factors the possibility that Italian law may be applicable to the trade secrets

misappropriation claim. **ECF No. 96** at 10 (citing *Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419, 428

(1st Cir. 1991)). *See Piper Aircraft*, 454 U.S. at 260. In that respect, and contrary to INDAG/Wild

Parma's contention, it was not an error for the Magistrate Judge to consider that possibility

without making a formal determination as to whether Puerto Rico or Italian law applies. *See*

*Ahmed v. Boeing Co.*, 720 F.2d 224, 226 (1st Cir. 1983). Moreover, the Magistrate Judge rightly

weighed that factor among several other private- and public-interest considerations, none of which he deemed to be dispositive individually. *Id*. at 6-15.

### 2- Pending Criminal Investigations in Italy

INDAG/Wild Parma sustain that "it was improper for the Magistrate Judge to rely on the criminal investigations as a public factor in favor of [IMA/FillShape], since there is no evidence that these alleged investigations exist." **ECF No. 100** at 28-29. In support of their contention, INDAG/Wild Parma include a declaration by their counsel in Italy in which he states that INDAG/Wild Parma have not received any communication from Italian authorities regarding such criminal investigations, and that he has not been able to find such charges in pertinent Italian databases. *Id*. at Exhibit B.

Upon reviewing the case's record, the Court holds that INDAG/Wild Parma waived the argument about the alleged non-existence of the criminal investigation in question involving IMA/FillShape, inasmuch as INDAG/Wild Parma failed to bring it forth before the Magistrate Judge. Given that IMA/FillShape included allegations in their complaint related to the criminal investigations in Italy, INDAG/Wild Parma could have, and should have, raised any reservations about the existence of those investigations before the Magistrate Judge. **ECF No. 1** at 2. Thus, INDAG/Wild Parma are precluded from *de novo* review about that contention. Finally, reviewing for plain error, the Court finds that the Magistrate Judge was not mistaken to consider the criminal investigations in Italy alleged by IMA/FillShape as a pertinent public-interest factor in this case.  **ECF No. 96** at 11.

### IV.  CONCLUSION

After careful consideration of the pleadings, the case's record, the R & R, and the parties' multiple related motions, the Court hereby **ADOPTS** the R & R, **ECF No. 96**, and **GRANTS** IMA/FillShape's motion to dismiss the parties' trade secret misappropriations claims under the *forum non conveniens* doctrine in this consolidated case, **ECF No. 53.**

The Magistrate Judge considered the appropriate factual and procedural aspects, applied the correct legal standards, and correctly weighed the pertinent public- and private-interest factors in the *forum non-conveniens* analysis. Moreover, as succinctly held by the Magistrate Judge, "[e]ven though this motion comes to the [C]ourt in an unusual posture, at the end of the day, the interests of the parties and the [C]ourt are better served by dismissing the trade secret misappropriation claims in favor of the Italian forum." **ECF No. 96** at 14.

**The instant consolidated case will continue regarding the patent infringement claims**.

At San Juan, Puerto Rico, on this 30th day of September, 2017.

**S/AIDA M. DELGADO-COLÓN**
**Chief United States District Judge**